IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cyremthia Alexander, | ) | Civil Action No.: 4:11-cv-01406-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Rite Aid Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Cyremthia Alexander ("Plaintiff") filed this action against Rite Aid Corporation ("Rite Aid") alleging that an employee of Rite Aid erred in dispensing a medication to Plaintiff causing her to be hospitalized. *See* Complaint [Docket Entry 1-1]. This matter is now before the Court with (1) Rite Aid's [Docket Entry 14] Motion to Dismiss filed on July 25, 2011, and (2) Plaintiff's [Docket Entry 16] Second Motion to Amend the Complaint ("Motion to Amend") filed on August 8, 2011. The Court held a hearing on the motions on December 19, 2011.[1]

**Background Allegations**

Plaintiff alleges in her Original Complaint that "[o]n May 12, 2008, a Rite Aid pharmacist signed a certification stating that she dispensed a drug, Tikosyn 250 MCG to Plaintiff on May 6, 2008." Compl. ¶ 3. Plaintiff further alleges that after she had consumed the medication for four days, she experienced certain symptoms, such as an irregular heartbeat, and was taken to the hospital where "she discovered that rather than Tikosyn 250 MCG, she was taking Tikosyn 500 MCG." *Id.* ¶¶ 4-5. The Complaint asserts a claim for negligence, and alleges that Rite Aid, through its employees, committed certain negligent acts, including "[i]ncorrectly fill[ing] or prepar[ing]

---

[1] The Court notes that, at the hearing, Plaintiff withdrew as moot an original motion to amend the Complaint, [Docket Entry 7], that had been filed on June 22, 2011.

Plaintiff's prescription for Tikosyn," "[f]ill[ing] or prepar[ing] Plaintiff's prescription with the wrong dosage of Tikosyn," and "[f]ail[ing] to warn or inform Plaintiff of the misfil[l]ed prescription of Tikosyn when it either knew of should have known of the error." *Id.* ¶ 14(a)-(b), (e). Plaintiff has subsequently filed a Motion to Amend the Complaint to set forth additional allegations that include negligence by non-pharmacist employees. *See, e.g.*, Pl's. Proposed 2nd Am. Compl. [Docket Entry 16-1] ¶ 3 (alleging "that a non pharmacist employee filled [Plaintiff's] prescription on May 6, 2008"). As a result, Plaintiff claims that she has suffered severe and disabling injuries, pain and suffering, and has incurred medical expenses.

## Standard of Review

I.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right

to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although federal law applies to the procedural rules governing this case, this Court must apply state law to substantive issues when, as here, it sits in diversity. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  "The South Carolina Code sections relating to professional negligence claims are the substantive law of South Carolina" and apply to the case at bar. *See Millmine v. Harris*, No. 3:10-1595-CMC, 2011 WL 317643, at *2 (D.S.C. Jan. 31 2011); *see also Rotureau v. Chaplin*, No. 2:09-cv-1388-DCN, 2009 WL 5195968, at * 6 (D.S.C. Dec. 21, 2009) ("Section 15-36-100 is part of the substantive law of South Carolina and is applicable in the case before the court.").[2]

II.     Motion to Amend

Motions to amend a pleading are governed by Rule 15 of the Federal Rules of Civil Procedure.  Specifically, Rule 15(a)(2) provides in pertinent part that "[t]he court should freely give

---

[2] The parties in this case do not dispute that South Carolina's substantive law regarding the filing of medical malpractice claims applies in this case.  Moreover, this Court agrees with the weight of authority in this district that, under the *Erie* Doctrine, South Carolina substantive law regarding the filing of medical malpractice claims is applicable to cases such as these.  "To not apply the requirements of S.C. Code § 15-79-125 would not only encourage forum shopping, but would 'disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court[.]'" *Millmine*, 2011 WL 317643, at *2 (quoting *Hanna v. Plumer*, 380 U.S. 460, 466 (1965)).

leave [to amend] when justice so requires." A motion to amend a pleading should be denied "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards*, 178 F.3d at 242 (internal quotations and citations omitted). Further, "[d]elay alone is an insufficient reason to deny leave to amend," unless "the delay [is] accompanied by prejudice, bad faith, or futility." *Id.* For a motion to amend to be denied as futile, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *see also Alonso v. McAllister Towing of Charleston, Inc.*, 595 F. Supp. 2d 645, 649 (D.S.C. 2009).

## **Discussion**

I.   Motion to Dismiss

   A.   South Carolina law governing medical malpractice actions

In South Carolina, "all plaintiffs asserting medical malpractice claims are required . . . to comply with a specific notice requirement . . . ." *Millmine v. Harris*, No. 3:10-1595-CMC, 2011 WL 317643, at *1 (D.S.C. Jan. 31, 2011). Specifically, "[p]rior to filing or initiating a civil action alleging injury or death as a result of medical malpractice," South Carolina Code § 15-79-125 mandates that a "plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100 . . . ."

For purposes of South Carolina's pre-filing notice requirement, South Carolina law defines "medical malpractice" as follows:

> doing that which the reasonably prudent health care provider or health care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances.

S.C. Code Ann. § 15-79-110(6). In addition, a "health care provider" under this statute is

specifically defined as

> a physician, surgeon, osteopath, nurse, oral surgeon, dentist, *pharmacist*, chiropractor, optometrist, podiatrist, or any similar category of licensed health care provider, including a health care practice, association, partnership, or other legal entity.[3]

*Id.* § 15-79-110(3) (emphasis added).

Accordingly, for purposes of triggering the state's pre-filing notice requirement, the statute defines "medical malpractice" and further identifies what category of persons and entities can commit the act of "medical malpractice," though it does not state who must be sued, or named as a defendant, in a malpractice action. In this case, Plaintiff has named no individual defendants, only a corporate entity or entities. It is further undisputed in this case that Plaintiff did not pre-file a notice of intent to file suit or an expert affidavit. Therefore, the issue before the Court is whether Plaintiff was required to comply with South Carolina's statutorily-mandated prerequisites to filing suit in medical malpractice actions.

B.     Summary of parties' arguments

Rite Aid moves to dismiss Plaintiff's Complaint on the ground that Plaintiff failed to comply with South Carolina's statutory pre-filing requirements, which include submitting a notice of intent to file suit prior to initiating the instant action. Rite Aid argues that Plaintiff was required to comply with § 15-79-125 because her allegations "unquestionably fall[] within the ambit of 'medical malpractice' as defined by South Carolina law." Rite Aid Memo. in Supp. [Docket Entry 14-1] at 3. More specifically, Rite Aid contends that regardless of which of its employees committed the alleged negligent act or acts, "[t]he essence of Plaintiff's claim is the breach of a professional duty

---

[3] Likewise, the statute defines "health care institution" as "an ambulatory surgical facility, a hospital, an institutional general infirmary, a nursing home, and a renal dialysis facility." S.C. Code Ann. § 15-79-110(2).

owed by a pharmacist," and is therefore a claim for medical malpractice.

Plaintiff, on the other hand, appears to make two alternative arguments. First, Plaintiff argues that because she has sued only a corporate defendant, § 15-79-125's pre-filing requirements are inapplicable since the business operated by the named corporate defendant, which has a pharmacy, is not listed as a health care institution under § 15-79-110(2). *See* Pl.'s Resp. in Opp. [Docket Entry 17] at 8.[4]

Second, Plaintiff contends that her claim is one for ordinary negligence, not medical malpractice, and therefore she was not required to comply with § 15-79-125's pre-filing requirements. Plaintiff asserts that she has not made a claim for medical malpractice against a pharmacist, but rather she alleges that the negligent acts were committed by a non-pharmacist employee, or employees, of Rite Aid.[5] *See* Pl.'s Resp. in Opp. at 8.

    C.    <u>Analysis of parties' arguments</u>

        1.    <u>Plaintiff cannot escape the pre-filing requirement simply by naming a corporate entity as the sole defendant</u>

"All rules of statutory construction are subservient to the one that the legislative intent must

---

[4] Plaintiff does not expressly state this proposition in her briefings, though it can potentially be inferred. In the briefings before this Court, and during oral arguments, Plaintiff appears to have focused her arguments almost primarily on the fact that non-pharmacist employees have allegedly committed the negligence in this case. *See*, *e.g.*, Pl.'s Proposed 2nd Am. Compl. At oral argument, Plaintiff appeared to concede that although she named as a defendant a corporate entity that was neither a health care provider nor a health care institution, she would be subject to South Carolina's pre-filing requirements if she were ultimately suing for the negligent acts of a pharmacist; her focus was on ordinary negligence by non-pharmacy employees. However, out of an abundance of caution, this Court will nonetheless address this argument.

[5] Although Plaintiff's First Motion to Amend was withdrawn as moot, in the Second Motion to Amend still pending before the Court, Plaintiff has moved to amend the Complaint to state with more specificity that it was the non-pharmacist employees of Rite Aid that are allegedly at fault for her damages. *See*, *e.g.*, Pl.'s Proposed 2nd Am. Compl. ¶ 3 ("Plaintiff is informed and does believe that a non pharmacist employee filled the prescription on May 6, 2008."). During oral arguments, counsel for Plaintiff also emphasized that the Complaint focused on what she described as the "pre-dispensing" acts of these non-pharmacist employees, i.e., keying the wrong information into a computer or improper shelving.

prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010). Accordingly, when a statute's terms are clear and unambiguous, a court must apply the statute according to its literal meaning. *Miller v. Aiken*, 364 S.C. 303, 307, 613 S.E.2d 364, 366 (2005); *see also Carbon Fuel Co. v. USX Corp.*, 100 F.3d 1124, 1133 (4th Cir. 1996) (holding that a court is required to give the words of a statute their "plain and ordinary meaning").

Under the language of § 15-79-125, pre-filing notice is required before "filing or initiating a civil action alleging injury as a result of medical malpractice . . . ." In turn, "medical malpractice" is defined as "doing that which the reasonably prudent health care provider or health care institution would not do . . . in the same or similar circumstances." S.C. Code Ann. § 15-79-110(6). This definition identifies, for purposes of the pre-filing requirements, who can commit medical malpractice; it does not state who must be sued, or who must be specifically named as a defendant, in a "medical malpractice" action. In other words, the statute requires pre-filing notice in any lawsuit that alleges "injury **as a result of**" a "health care provider" or a "health care institution" acting unreasonably, no matter who is specifically named as a defendant. A reading that limits the pre-filing requirements only to occasions where a health care provider or health care institution is a named defendant would torture the plain meaning and intent of the statute.[6]

Here, the Court acknowledges that the named Defendant in this case is a corporate entity of

---

[6] As other states have done, South Carolina could have easily limited its medical malpractice pre-filing requirements only to cases where a health care provider or health care institution was sued as the named defendant. For example, Maryland's Health Care Malpractice Claims statute, Md. Code. Ann., Cts. & Jud. Proc. § 3-2A-01 et seq., requires mandatory arbitration of medical malpractice claims, but limits its applicability to only those "claims, suits, and actions, . . . by a person *against a health care provider* for medical injury allegedly suffered by the person . . . ." *Id.* § 3-2A-02(a)(1) (emphasis added). In South Carolina, however, § 15-79-125 does not contain any similar language limiting its applicability only to suits **against** health care providers or health care institutions.

7

a type not specifically listed under the definitions of "health care provider" or "health care institution." However, artificial entities such as corporations may act only through their agents. *See Travelers Ins. Co. v. Roof Doctor, Inc.*, 325 S.C. 614, 615, 481 S.E.2d 451, 452 (Ct. App. 1997) ("A corporation . . . is an artificial entity created by law . . . [and] must act in all its affairs through agents or representatives." (quoting *State v. Wells*, 191 S.C. 468, 480, 5 S.E.2d 181, 186 (1939))); *Jost v. Equitable Life Assurance Soc'y of U.S.*, 271 S.C. 492, 495, 248 S.E.2d 778, 779 (1978). Naming a corporate entity as a defendant does not negate the pre-filing requirements when the complaint alleges injury "*as a result of*" the negligent acts of its health care provider agent or employee. Accordingly, for purposes of the South Carolina pre-filing statute at issue, whether this case "alleges injury as a result of medical malpractice" turns on whether the named corporate defendant acted through its "heath care provider" employee – in this case a pharmacist – or some other type of "non-health care provider" employee.

> 2. At this stage in the proceedings, Plaintiff's Complaint states a plausible claim for negligence by a non-pharmacist employee

In order to determine whether Plaintiff's failure to comply with the requirements of South Carolina Code § 15-79-125 is fatal to her action, the Court must determine, with the above statutory definitions in mind, whether the allegations set forth in her Complaint assert a claim for "medical malpractice" under that statute. It appears clear that if Plaintiff is simply alleging that Rite Aid's pharmacist – i.e., a "health care provider" as defined in § 15-79-110(3) – caused Plaintiff's injuries by improperly dispensing[7] her medication, the claim is one for "medical malpractice" and is subject

---

[7] The Court notes that, as argued by Rite Aid, the "dispensing of drugs . . . forms part of the professional duties of a pharmacist." Rite Aid Reply [Docket Entry 18] at 5. Specifically, South Carolina's Pharmacy Practice Act defines "pharmacist" as "an individual health care provider licensed by [South Carolina] to engage in the practice of pharmacy." S.C. Code Ann. § 40-43-30(39). Further, the Pharmacy Practice Act specifically defines, in pertinent part, the "practice of pharmacy" as "the interpretation, evaluation, and

to § 15-79-125's pre-filing requirements. Thus, to any extent that Plaintiff asserts such a claim, the Court concludes that it should be dismissed for failure to comply with § 15-79-125.[8]

However, Plaintiff argued at the hearing on this matter, and in her memoranda, that her injuries are due to the actions of non-pharmacist employees of Rite Aid, such as improper shelving and keying incorrect information into the computer system.[9] At this early stage in the litigation,[10] there are factual questions surrounding Plaintiff's claims that non-pharmacist employees were responsible for the alleged negligence – and therefore the applicability thereto of South Carolina Code § 15-79-125. Mindful of the Rule 12(b)(6) standard that governs Rite Aid's Motion to Dismiss, the Court cannot conclude, at this time, that Plaintiff's allegations, with regard to the actions of these non-pharmacist employees, fail to state a plausible claim for relief. Accordingly, the Court shall deny Rite Aid's Motion to Dismiss *without prejudice* to its right to re-assert its

---

*dispensing* of prescription drug orders . . . ." *Id.* § 40-43-30(44) (emphasis added). Dispensing means "the transfer of possession of one or more doses of a drug or device by a licensed pharmacist or person permitted by law, to the ultimate consumer or his agent pursuant to a lawful order of a practitioner in a suitable container appropriately labeled for subsequent administration to, or use by, a patient. As an element of dispensing, the dispenser shall, before the actual physical transfer, interpret and assess the prescription order for potential adverse reactions or side effects, interactions, allergies, dosage, and regimen the dispenser considers appropriate in the exercise of his professional judgment, and the dispenser shall determine that the drug or device called for by the prescription is ready for dispensing. The dispenser shall also provide counseling on proper drug usage, either orally or in writing, as provided in this chapter. The actual sales transaction and delivery of a drug or device is not considered dispensing and the administration is not considered dispensing." *Id.* § 40-43-30(14).

[8] In her Proposed Second Amended Complaint, Plaintiff alleges, among other things, that Rite Aid, "by and through its authorized employees," committed acts including allowing persons other than a licensed pharmacist to "count, fill, or dispense Plaintiff's prescription . . . ." Pl.'s Proposed 2nd Am. Compl. ¶ 14(a)–(h). To the extent Plaintiff is arguing that a pharmacist was the authorized employee who committed these acts, any such claims would be dismissed as subject to § 15-79-125's pre-filing requirements.

[9] As explained previously, Plaintiff has moved to amend the Complaint to state with more specificity that it was the non-pharmacist employees of Rite Aid that are allegedly at fault for her damages.

[10] The parties indicated at the hearing that they had not completed discovery in this case. Under the current scheduling order, [Docket Entry 5], the parties' deadline for completing discovery is not until February 16, 2012. Should the parties need an extension of the existing scheduling order deadlines, they should consult and submit a proposed consent amended scheduling order for the Court's consideration.

arguments relating to Plaintiff's failure to comply with South Carolina Code § 15-79-125 at the summary judgment stage of this litigation.

II.     Motion to Amend

Plaintiff filed her pending Motion to Amend the Complaint on August 8, 2011.[11] In her Motion to Amend, Plaintiff seeks to amend the Complaint as follows: (1) to add Eckerd Corporation as a defendant; (2) to change the physical address of the pharmacy in question; (3) to state with more specificity that the alleged negligent acts were committed by non-pharmacist employees of Rite Aid; and (4) to add a cause of action for negligent training, retention, supervision.[12] *See* Pl.'s Proposed 2nd Am. Compl.; *see also* Motion to Amend at 2. Plaintiff asserts that the Motion to Amend was "not the result of undue delay, bad faith or dilatory motive," nor would it prejudice Rite Aid. *See* Motion to Amend at 2. Upon review, the Court concludes that the Motion to Amend should be granted.

Rite Aid opposed the Motion to Amend on August 22, 2011. Rite Aid's only argument in opposition to Plaintiff's Motion was that any amendment should be denied as futile. More specifically, Rite Aid argued that no amendment could cure the fact that Plaintiff's entire case should be dismissed due to her failure to comply with the pre-filing requirements of South Carolina Code § 15-79-125. *See* Rite Aid Resp. in Opp. [Docket Entry 19] at 4. However, as thoroughly

---

[11] The Court notes that Plaintiff filed her Motion to Amend before the Scheduling Order's deadline for filing such motions expired.

[12] In Count III of her Proposed Second Amended Complaint, Plaintiff alleges that Rite Aid failed to properly train and supervise its "non-pharmacist and pharmacist employees." Pl.'s Proposed 2nd Am. Compl. ¶ 27. However, Plaintiff also states that Rite Aid is vicariously liable for the acts of these employees. *Id.* Whether Rite Aid is liable for its own negligent training and supervision is a mutually distinct concept from whether Rite Aid is vicariously liable for the acts of its employees. This Court again cautions that to any extent that Plaintiff claims that Rite Aid is vicariously liable due the actions performed by a pharmacist, such a claim would be dismissed as subject to § 15-79-125's pre-filing requirements.

discussed above, the Court is unable to conclude, at this stage of the litigation, that Plaintiff's case is subject to dismissal for failure to comply with § 15-79-125. Therefore, for the same reasons that the Court is denying Rite Aid's Motion to Dismiss, it similarly concludes that Rite Aid has not shown that Plaintiff's requested amendments would be futile – i.e., "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

Accordingly, Plaintiff's Motion to Amend the Complaint should be granted under Rule 15(a)(2). However, the Court does note that because it is denying Rite Aid's Motion to Dismiss without prejudice to its right to re-assert its arguments regarding Plaintiff's compliance with § 15-79-125's pre-filing requirements at the summary judgment stage, the Court cautions that it is possible that Plaintiff's Amended Complaint will likewise be subject to similar attacks later in this litigation.

### Conclusion

The Court has thoroughly reviewed the entire record, including the parties' motions and memoranda, and the applicable law. For the reasons stated above, it is therefore **ORDERED** that Rite Aid's [Docket Entry 14] Motion to Dismiss the Complaint is **DENIED** *without prejudice* to Rite Aid's right to re-assert its arguments at summary judgment.[13]

**IT IS FURTHER ORDERED** that Plaintiff's [Docket Entry 16] Motion to Amend the Complaint is **GRANTED**. Accordingly, Plaintiff shall file her Amended Complaint within five (5) days of this Order.

---

[13] At this stage, Plaintiff's claims survive Rite Aid's Motion to Dismiss under Rule 12(b)(6). However, this Court reiterates that at the summary judgment stage, to the degree Plaintiff alleges, or the undisputed evidence shows, that a pharmacist was responsible for the negligence alleged by Plaintiff, those claims are subject to dismissal pursuant to § 15-79-125's pre-filing requirements.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 11, 2012